Scherzinger Estate *v.* Wensel, Appellant.

Argued October 8, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Prall B. Roads,* for appellants.

*Leon N. Mandell,* for appellee.

OPINION BY ROSS, J., November 11, 1953:

This is an appeal from the refusal of the Court of Common Pleas of Schuylkill County to strike off a

default judgment entered against the defendants by the prothonotary upon praecipe filed by the plaintiff.

On November 18, 1952, before a justice of the peace in Schuylkill County, the plaintiff brought an action against its tenants, the defendants, for the possession of certain real estate, on the ground that the defendants had defaulted in the payment of rent. On November 26, the justice of the peace entered judgment against the defendants for possession of the real estate and for a money judgment for wrongful detention thereof. Thereafter, on December 15, 1952, the appellants caused a writ of certiorari to issue, and applied to the court below and received from it an order stating, inter alia: ". . . Defendants' application that said writ be made a supersedeas *to the proceedings before said Justice* is hereby allowed, and it is hereby directed that said writ of certiorari operate as a supersedeas *to said proceedings* pending determination of said Certiorari by the Court." (Italics supplied.)

Rule 75 of the court below provides: "When exceptions to be filed. In all cases of certiorari the exceptions thereto must be filed within ten days after the return of the writ, provided the record has been returned; and if not so returned within ten days after the return of the writ and in default thereof, the judgment below shall be affirmed, as of course, by the prothonotary upon a praecipe filed. A copy of the exceptions filed must be served on the opposite party or his attorney at least ten days before the argument day."

Defendants failed to file exceptions within ten days after the return of the writ as required by Rule 75 and the plaintiff filed a praecipe directing the prothonotary to enter judgment against the defendants, and judgment was so entered on January 21, 1953. Five days later the court below granted the defend-

ants a rule on the plaintiff to show cause why the judgment should not be stricken off. That rule was discharged by the court and this appeal followed.

Appellants do not contest the validity of Rule 75, but rather contend that the effect of the supersedeas order "was to suspend the provisions of Rule 75 . . . and require, inter alia, that application for dismissal of the writ of certiorari should be made, if made, to the Court". The court below, *construing its own order,* held that the order stayed only further proceedings before the justice of the peace, and in consequence did not affect a suspension of the rule relating to the filing of exceptions and the consequence of failing to do so within the required time. With that conclusion we agree.

It is too clear to warrant extended discussion that the order relied upon by the defendants was intended to stay only further proceedings before the justice of the peace. It expressly states that the writ is to stay "the proceedings before said Justice" and goes on to recognize such proceedings as separate and distinct from the "determination of said certiorari by the Court". As stated by the learned court below, "A supersedeas acts as a stay of further proceedings in the tribunal from which the record has been removed, but it has no bearing whatsoever on the course of further proceedings in the appellate court. The order of supersedeas granted in the instant case did not exempt the defendants from the necessity of complying with this court's rules of procedure."

Before us the defendants for the first time question the capacity of the plaintiff to bring this action. Since this contention was not raised in the court below, it is too late to raise it now. *Craft Engineering Co., Inc., v. Messa,* 171 Pa. Superior Ct. 447, 90 A. 2d 628; *Fisher v. Brick,* 358 Pa. 260, 56 A. 2d 213.

Judgment affirmed.